IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Amy Marie Siggelow                    :

    Plaintiff                      :   Case No. 3:15-CV-1308

    v.                             :

Carolyn W. Colvin                     :   (Judge Richard P. Conaboy)
Commissioner of Social Security
                                   :

    Defendant                      :

                                   :

_____

Memorandum

We consider here Plaintiff's counsel's Motion for Attorney's Fees (Doc. 24) incident to his successful representation of his client in an appeal from a decision of the Social Security Administration.  Counsel requests an Equal Access to Justice Act ("EAJA") attorney's fee in the amount of $7,115.47.

The Government has opposed counsel's motion and argues, in the alternative, that either the Government's position in the instant case was "substantially justified" (Doc. 28 at 7-12) and Plaintiff's counsel is not entitled to any fees in this case or that, even if he is so entitled, the reasonable fee for his services is lower than the $7,115.47 he seeks.  (Doc. 28 at 12-16).

With respect to the argument that his position in this matter was "substantially justified", the Government observes correctly that the EAJA does not automatically entitle claimant's counsel to fees simply because the Government lost on the merits.  (Doc. 28 at

1

5-6).[1]  Yet, the Government must make a "strong showing" that its position was "substantially justified" both in fact and in law. Tressler v. Heckler, 748 F.2d 146, 150 (3d. Cir. 1984).  The facts of this case do not substantially justify the legal arguments the Government has made here.

It is a fundamental principle of Social Security law that there must be substantial evidence to support relevant findings of fact by the Commissioner.  The Government argues that its decision to litigate this matter through its appeal to this Court was "substantially justified" because, although it acknowledges that the ALJ's Residual Functional Capacity ("RFC") determination was unsupported by any medical opinion of record, the law does not require a medical opinion supportive of the ALJ's RFC finding.  The Government then refers this Court to its decision in Butler v. Colvin, NO. 3:15-cv-1923, 2016 WL 275268, wherein we cited with approval to Cummings v. Colvin, 129 F.Supp 3d. 2009 (W.D.Pa. 2015), a case that gave a more restricted reading to the oft-cited case of Doak v. Heckler, 790 F.2d 26, 29 (3d. Cir. 1986).  It is true, as the Government asserts, that Doak, supra, was long cited by many district courts in this circuit (including this one) for the proposition that an ALJ may not make an RFC determination without a

---

[1] The Government does not contest that Plaintiff's counsel has demonstrated that the other precursors to an award of fees under the EAJA, that Plaintiff was a "prevailing party" and that he complied with the procedures and limitations of that act, are present in this case.  See 28 U.S.C. § 2412(d)(1)(A).

supportive medical opinion.  It is also true that this Court acknowledged in Butler, supra, that an ALJ may, in an appropriate case, make an RFC determination without a supportive <u>opinion</u> from a medical expert as long as other substantial evidence of record, such as diagnostic testing or the anecdotal notes of a physician, support the RFC finding.  The problem in this case resides in the fact that the ALJ lacked any medical evidence which could logically be seen to support her RFC finding.  The problem in this case did not reside in how one interprets Doak.  Rather, the problem was that not only was there a lack of a medical <u>opinion</u> to support the RFC, but also there was a lack of any medical <u>evidence</u> supporting it.  The Court's decision to remand this matter derived from its perception that the requisite substantial evidence did not support the ALJ's RFC determination and that the treating physician's findings were not given appropriate weight in the absence of any countervailing medical evidence.  Thus, the Court finds that the Government's position was not substantially justified.

The Government also seeks a reduction in the amount of the EAJA award in this case.  Our attention is drawn to a number of time entries concerning work the Government characterizes (Doc. 28 at 14) as purely clerical.  Certainly such purely clerical tasks as drafting routine letters to clients, docketing, effecting service of process, and filing documents are not activities that should be billed in the context of an EAJA fee petition.  See Walton v.

Massanour, 177 F.Supp 2.d 359-361 (E.D.Pa. 2000); also DeBose v.

Apfel, 2000 WL 298297 (E.D.Pa. 2000).  With these precepts in mind,

the Court determines that the following time entries (billed at

$184.00 per hour) will not be compensated:


          Review IFP form .25 hours

          Filed by ECF complaint IFP Petition, etc., .4 hours

          Received standard order for Social Security cases
          .2 hours

          Received order to proceed IFP, forwarded to Mr.
          Friedman .35 hours

          Notice of Filing of Answer and Transcript received,
             downloaded .3 hours

These disallowed time entries result in a reduction of 1.5 hours at

$184.00 per hour...a total deduction of $276.00.

     The Government also seeks to reduce the time Plaintiff's

attorneys are to be compensated by nine (9) hours.  If the Court

concurred this would reduce the fee award here by an additional

$1,656.00.  The Government contends that this reduction is

appropriate because Plaintiff's 20 page brief raised only two

issues on appeal, concerned "uncomplicated" issues of Social

Security law, and was typed in a very large font.  The Court finds

these arguments to be insubstantial and will order no further

4

reduction on their account.  The Court will also observe for future reference that it does not consider the number of pages that comprise a brief as a reliable indicator of the time taken to produce it.  Good lawyering sometimes involves reading numerous cases before producing a document that cites to only a few. Shakespeare's observation that "brevity is the soul of wit" comes to mind here.  At times, very probably in this instance, much careful research and consideration is the antecedent of a relatively short brief.  As for the Government's contention that this case involved only "uncomplicated" issues, the Court must observe that the Social Security regulations and many of the cases that construe them do not often yield a crystal clear picture of how a case should be resolved and case law cuts both ways with respect to all issues raised in this case.  The Court will agree that this is not an unusual Social Security case.  However, the Court cannot agree that this case is uncomplicated.  The Government has simply not met its burden to demonstrate that Plaintiff's counsel billed more time in their representation of Ms. Siggelow than they actually and legitimately expended.

**Conclusion:**

Plaintiff's counsel's request for a fee award pursuant to the EAJA will be granted subject to the aforementioned reductions totaling $276.00. The Court finds that Plaintiff's counsel is entitled to an EAJA award in the amount of $6,839.47.  An Order to

this effect will be issued contemporaneously with this Memorandum.

BY THE COURT


                                    S/Richard P. Conaboy
                                    Honorable Richard P. Conaboy
                                    United States District Court
Dated: July 22, 2016